**UNITED STATES, Appellee,**

v.

**Sergeant Manuel M. BEAUCHAMP, SSN 584–58–7887, United States Army, Appellant.**

**CM 443900.**

U.S. Army Court of Military Review.

31 Oct. 1983.

---

Colonel William G. Eckhardt, JAGC, Captain Peter L. Yee, JAGC, and Captain Frank J. DiGiammarino, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Denise A.G. Erickson, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

Pursuant to Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869, The Judge Advocate General referred this case to us for review under Article 66, UCMJ, 10 U.S.C. § 866.

Contrary to his pleas, the appellant was convicted at a bench trial of willfully disobeying the lawful command of his Division Commander, Major General (MG) Thurman E. Anderson, to testify fully and truthfully at the special court-martial of another soldier (Article 90, UCMJ, 10 U.S.C. 890). The order was personally signed by MG Anderson and contained a grant of immunity.

The appellant was sentenced to confinement at hard labor for nine months, total forfeitures, and reduction to Private E–1. MG Anderson convened the general court-martial which tried the appellant, reviewed the record of trial, and subsequently ordered the sentence into execution.

The appellant now contends that MG Anderson was an accuser within the meaning of Article 1(9), UCMJ, 10 U.S.C. § 801(9), and hence was disqualified from acting as convening authority. The Government concedes MG Anderson was so disqualified and joins the appellant's prayer to set aside the findings and dismiss the charges. We agree with the parties that MG Anderson's interest in punishing disobedience of his own order constituted sufficient personal interest to result in his disqualification. *United States v. Marsh*, 3 U.S.C.M.A. 48, 11 C.M.R. 48 (C.M.A.1953). There are, as the Court of Military Appeals has recognized, "easy and adequate means" to transfer jurisdiction in cases such as this, and doubts "should be resolved in favor of the accused." *United States v. Gordon*, 1 U.S.C.M.A. 256, 261, 2 C.M.R. 161, 167 (C.M.A.1952).

Under the specific facts of this case, rather than ordering a rehearing, the findings of guilty and the sentence are set aside. The charges are dismissed.